UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD E. HEADLEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:25-cv-503 |
| | ) |
| v. | ) Judge Atchley |
| | ) |
| W. Duty, et al., | ) Magistrate Judge Poplin |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Ronald E. Headley, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently incarcerated at the Northeast Correctional Complex ("NECX"), filed a complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis* and **DISMISS** his complaint for failure to state a claim upon which relief may be granted.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's Motion [Doc. 1] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this Motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only

when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

II.   SCREENING OF COMPLAINT

   A.   Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of

a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

B. **Plaintiff's Allegations**

On October 8, 2024, Plaintiff sought medical treatment at the NECX for his ankles, which "had sores and w[ere] draining pus." [Doc. 2 at 4]. Medical personnel told Plaintiff that "there was nothing that they could do and tried to get [him] to sign a refusal." [*Id.*]. All staff members, including the Warden, were aware that Plaintiff had these sores. [*Id.* at 4–5]. Plaintiff sent a request to W. Duty, the Director of Medical. [*Id.* at 12]. Nevertheless, Plaintiff did not receive any medical treatment for several weeks. [*Id*. at 5]. Medical staff would "look at it" when Plaintiff was hurting but took no action until they eventually took a photo of Plaintiff's sores and sent it to the "wound care provider." [*Id.*]. "[W]ithin a few hours[,] he let them know what to do." [*Id.*]. But because medical staff were negligent in failing to contact the wound provider when they first observed Plaintiff's sores, Plaintiff suffered pain for weeks and now has scars. [*Id.*].

Aggrieved, Plaintiff filed this action against W. Duty, Unknown Nurse, the State of Tennessee, and the Medical Private Contractor for the State of Tennessee, seeking a total of $30 million in damages. [*Id.*]. All Defendants are sued in both their individual and official capacities. [*Id.* at 2–3].

C. **Analysis**

The Eighth Amendment, applicable to the States through the Fourteenth Amendment, provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see also Robinson v. California*, 370 U.S. 660, 666–67 (1962). This provision requires the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But the United States Constitution does not guarantee a prisoner "unqualified access to healthcare."

3

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, the Eighth Amendment's prohibition against cruel and unusual punishment proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Accordingly, a prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (finding provider possibly negligent but not deliberately indifferent when unaware of prisoner's serious heart condition); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105–06 (internal quotation marks omitted).

Here, Plaintiff expressly asserts that Defendants were negligent in diagnosing and treating him. [*See, generally*, Doc. 2]. But, as noted above, negligence will not support an Eighth Amendment claim. *See, e.g., Santiago*, 734 F.3d at 591.

Additionally, Plaintiff's attached grievance records demonstrate that Plaintiff's medical needs were not met with deliberate indifference. [Doc. 2 at 16–22]. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings[.]" (citing Fed. R. Civ. P. 10(c))); *see also Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025 ("[W]hen an exhibit contradicts the complaint, the exhibit trumps the allegations." (citing *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 576 (6th Cir. 2021))). A November 2024 grievance response from Defendant Duty notes that Plaintiff was "followed by medical closely" since October 8, 2024; that medical had made Plaintiff a consultation appointment; that there was little that could be done for Plaintiff until that consultation appointment; that Plaintiff was receiving daily wound care in the interim; and Plaintiff was given "an AVO for meals" in his cell. [*Id.* at 20]. Plaintiff appealed that response, and the Warden stated that "medical needs to get a follow up appointment." [*Id.* at 19]. Therefore, Plaintiff's allegations and accompanying exhibits do not permit the plausible inference that that Defendants consciously chose to ignore a risk to Plaintiff's serious medical needs.

The Court also finds that Plaintiff fails to state a claim against any named Defendant. First, Plaintiff has sued the State of Tennessee. [*Id.* at 3]. But Plaintiff may not maintain suit against the State of Tennessee, because "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Second, Plaintiff names as Defendants the "Medical Private Contractor for State of TN" and W. Duty and Unknown Nurse in their official capacities. [Doc. 2 at 2–3].[1] Suit against medical-provider employees in their official capacities is suit against the contract provider itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

However, Tennessee's contract medical provider cannot be subject to § 1983 liability merely because it has employed someone who violated Plaintiff's constitutional rights. *See Monell*, 436 U.S. at 691 (noting § 1983 does not permit liability on a "*respondeat superior* theory"). Rather, to demonstrate that Tennessee's contract medical provider bears any liability in this action, Plaintiff must identify a policy or custom of the entity and show that his particular injury was incurred due to the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights). Plaintiff has not set forth any facts from which the Court could infer that his constitutional rights were violated by a policy or custom of Tennessee's contract medical provider.

Finally, Plaintiff has named two individual Defendants—W. Duty and Unknown Nurse. To state a claim against an individual Defendant, Plaintiff must adequately plead that each

---

[1] The Court notes that Centurion of Tennessee, LLC ("Centurion") is TDOC's contract medical provider. *See, e.g.*, Centurion of Tennessee, LLC, "*Provider Manual*," at https://www.centurionmanagedcare.com/wp-content/uploads/2024/01/Centurion-of-Tennessee_Provider-Manual_eff-02.01.24.pdf (last visited Oct. 15, 2025) (noting "CENTURION OF TN has entered into an agreement with the Tennessee Department of Correction (TDOC) to provide comprehensive healthcare services to inmates throughout the state's correctional system.").

Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

However, Plaintiff has not alleged any facts against Unknown Nurse, and therefore, he has failed to state a claim against this Defendant. And Plaintiff concedes he had no personal interaction with Defendant Duty. [Doc. 2 at 12]. Instead, Plaintiff seeks to impermissibly impose liability on Defendant Duty based solely on his position of authority and response to Plaintiff's grievance. [*Id.*]; *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Therefore, Plaintiff has likewise failed to state a claim against Defendant Duty.

In sum, Plaintiff has failed to state a colorable claim of deliberate indifference, he cannot maintain suit against the State of Tennessee, and he has failed to state a claim against the remaining Defendants. This action will be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

7

Case 3:25-cv-00503-CEA-DCP   Document 5   Filed 10/16/25   Page 7 of 8   PageID #: 48

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

> */s/ Charles E. Atchley, Jr.*
> **CHARLES E. ATCHLEY, JR.**
> **UNITED STATES DISTRICT JUDGE**